UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HERBERT A. SAFFELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:19-CV-202 JAR |
| UNKNOWN WILSON, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Herbert A. Saffell, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $25.25. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claims against defendants Unknown Hendricks and John Doe Correctional Officer without prejudice, but will direct the Clerk of Court to issue process on defendants Correctional Officer Unknown Wilson, Bubble Officer Unknown Liggett, Unknown Functional Unit Manager Housing 6 in July 2017 and Caseworker Frances Unknown in their individual capacities as to plaintiff's claims for failure to protect in violation of the Eighth Amendment.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $126.25. The Court will therefore assess an initial partial filing fee of $25.25.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Unknown Wilson (Correctional Officer); Unknown Liggett (Bubble Officer); Frances Unknown (Caseworker); Functional Unit Manager Unknown; Unknown Hendricks; Jesse Morgan (Caseworker); and John Doe Unknown Correctional Officer. Plaintiff sues the defendants in their individual capacities.

3

Plaintiff's claims stem from a single assault that occurred in August of 2017. According to the complaint, plaintiff was assigned to a cell with another offender who had a "notorious reputation with staff and inmates alike for violently assaulting staff members throughout his tenure in the MDOC." Plaintiff does not give any specific information relative to his cellmate's purported violent history. Instead, plaintiff merely states that on or around June 2017, after being placed in a cell with Derrick Hubbard, Hubbard began "threatening to do great bodily harm" to plaintiff.

Plaintiff states that around July 13, 2017, he reported the threats from Hubbard to Unknown Wilson, who was the officer on duty. Plaintiff claims that he asked to be moved at that time, and that there were cells available to be moved to, but Wilson "turned a blind eye." However, plaintiff admits Wilson told him that "he would see about getting me some paperwork to affect a room move, which would take in excess of a week or more to transpire." Plaintiff states that he complained to Wilson for around a week, and Wilson then referred him to Bubble Officer Liggett, who was Wilson's supervisor.

On July 17, 2017, plaintiff claims that he told Officer Liggett that his "life had been threatened" and there was a "substantial risk of bodily harm" to him by Hubbard. Plaintiff states that he asked to be moved to a new cell or be placed in protective custody. Plaintiff claims that Officer Liggett told plaintiff to "deal with it" and "he would check into getting plaintiff a room form to affect a room move."

Plaintiff states that "after repeated and persistent complaints to defendant Wilson that I was being assaulted, abused, my life threatened by inmate Hubbard, Wilson became angered, gave plaintiff a form to fill out for a room move and told plaintiff to see a caseworker about the

4

situation, that he would not intervene or offer any form of protection, whatsoever, to the plaintiff."

Plaintiff alleges that on or about July 20, 2017, he told Caseworker Frances that he "had been abused, assaulted and his life threatened" by Hubbard and Frances "refused to provide him with protective custody," but she advised him that if he wanted to be removed from the cell he would have to find another inmate that would agree to live with Hubbard.[1]

Plaintiff claims that despite his repeated requests, he was unable to obtain a transfer from his cell. However, on or about July 25, 2017, inmate Hubbard also requested a transfer from celling with plaintiff. At that time, Derrick Hubbard went to seek a transfer from Caseworker Frances and Unknown Functional Unit Manager. Plaintiff claims that Hubbard told Caseworker Frances and Unknown Functional Unit Manager to "move plaintiff out of HIS room immediately." Hubbard also purportedly conveyed to these defendants that there would be repercussions if they did not take immediate action to remove him." Plaintiff asserts that when defendants Unknown Functional Unit Manager and Frances failed to remove plaintiff from the cell, Hubbard became "enraged," and he "returned to the room and began assaulting plaintiff.

Plaintiff asserts that on July 27, 2017, he encountered defendants Morgan and Liggett and again told them that he was "being abused, assaulted and threats on his life [were] being lodged

---

[1] Plaintiff asserts that he also told an Unknown Functional Unit Manager of Housing Unit 6 on or about July 21, 2017, about the situation, but he also failed to provide him with protective custody or move him to a different cell. Plaintiff has alleged this particular John Doe with enough specificity, as to the specific timeframe and the allegations, that plaintiff should be able to identify this individual within early discovery. In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). However, an action may proceed against a party whose name is unknown, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). At this time, the Court may not be able to obtain service of process on this defendant. However, if summons is returned unexecuted and the plaintiff is later able to identify this defendant within the time-frame for amendment of pleadings, the Court will allow plaintiff seek to issue alias summons at that time.

against him by Hubbard." Plaintiff states that he again asked to be removed from the cell or be placed in protective custody. Plaintiff states that the two defendants failed to remove him or place him in protective custody, and defendant Liggett told him it was out of his hands.

On August 3rd or 4th, plaintiff claims that he was violently beaten with his own wooden cane by Derrick Hubbard in his cell. Plaintiff asserts that he was so badly beaten and abused over the course of fifteen (15) minutes that he had to be taken from ERDCC by life flight to St. Louis Mercy Hospital where he was treated for contusions, puncture wounds, broken ribs, and head wounds, wounds to the back, chest, arms and legs.

Plaintiff brought a prior action in this Court alleging violations of his civil rights relative to the August 2017 event. *See Saffell v. Precythe,* No. 4:18CV1504 HEA (E.D. Mo. 2018). In his complaint he asserted that defendants Anne Precythe, the Director of the Missouri Department of Corrections, as well as Stanley Payne, the Warden at Eastern Reception, Diagnostic Correctional Center, were responsible for violations of his constitutional rights relative to Mr. Hubbard's attack. The matter was dismissed on 28 U.S.C. § 1915 review on October 30, 2018.

This Court takes judicial notice that in plaintiff's prior case he attached his grievance documents to his complaint relative to the event, indicating that the assault occurred after he and Hubbard had been cellmates for approximately two weeks. The correspondence includes: (1) a letter to Case Workers discussing his use of the prison grievance procedure; (2) a letter advising the MDOC General Counsel that he intended to file a § 1983 action but was willing to resolve his claims internally; and (3) a letter to the U.S. Department of Justice stating that his civil rights were violated when he was housed with Hubbard.

Plaintiff states he suffers ongoing physical and mental damage due to the assault. As relief, he seeks compensatory and punitive damages.

**Discussion**

Plaintiff claims that defendants Wilson, Liggett, Caseworker Frances, Unknown Functional Unit Manager of Housing Unit 6 in July of 2017, and Morgan, violated his constitutional rights when they failed to protect him from the August 2017 assault.[2]

The Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners. *Perkins v. Grimes,* 161 F.3d 1127, 1130 (8th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer,* 511 U.S. at 834. Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. *Id.* (internal citations omitted). Therefore, a prison official violates the Eighth Amendment if he or she "acts with deliberate indifference to a substantial risk of harm to the prisoner." *Perkins,* 161 F.3d at 1130 (citing *Farmer,* 511 U.S. at 834).

Deliberate indifference has both an objective and a subjective component. The objective component requires the prisoner to demonstrate a substantial risk of serious harm, and the subjective component requires the prisoner to show that the official had a culpable state of mind; that is, that he actually knew of, but disregarded, that risk. *Blades v. Schuetzle,* 302 F.3d 801, 803 (8th Cir. 2002) (quoting *Perkins,* 161 F.3d at 1130). With respect to the subjective component, the official must be aware of facts from which he could infer the existence of a substantial risk of serious harm, and he must also draw the inference. *Farmer,* 511 U.S. at 837.

---

[2]In the list of defendants, plaintiff has also listed Unknown Hendricks and John Doe Correctional Officer. Plaintiff has not made any specific allegations against these defendants in his complaint. Accordingly, they will be dismissed. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

The Eighth Amendment is not violated when an official fails "to alleviate a significant risk that he should have perceived but did not." *Id.* at 838.

Plaintiff alleges that Hubbard had a history of violence against other inmates and that staff members were aware of facts from which they could infer the existence of a substantial risk of serious harm to plaintiff and that they drew that inference. Furthermore, plaintiff alleges he asked defendants Wilson, Liggett, Caseworker Frances and Unknown Functional Unit Manager of Housing Unit 6 to move him, and he states that he mentioned Hubbard when making those requests.

Plaintiff also alleges that there was some conflict between he and Hubbard after Hubbard asked Frances and the Functional Unit Manager for plaintiff to be moved, prior to the assault in August 2017. Moreover, plaintiff states that he made Morgan and Liggett aware of this conflict when he spoke to them on July 27, 2017.

Having thoroughly reviewed and liberally construed plaintiff's allegations, the Court concludes that plaintiff has alleged enough facts to pass § 1915 review for failure to protect claims in their individual capacities against defendants Wilson, Liggett, Caseworker Frances and Unknown Functional Unit Manager of Housing Unit 6.

Last, the Court will review plaintiff' motion for appointment of counsel. The Court notes that plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Therefore, the Court will deny plaintiff's request for counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $25.25. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Unknown Hendricks and John Doe Correctional Officer in their individual capacities are **DISMISSED** without prejudice as frivolous, malicious and/or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on defendants Correctional Officer Unknown Wilson, Bubble Officer Unknown Liggett, Unknown Functional Unit Manager Housing Unit 6 in July 2017 and Caseworker Frances Unknown in their individual capacities as to plaintiff's claims for failure to protect in violation of the Eighth Amendment. Defendants worked at Eastern Reception, Diagnostic and Correctional Center, and they shall be served through the waiver agreement the Court maintains with the Attorney General's Office for service on Missouri Department of Corrections Employees.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #2] is **DENIED** at this time.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of May, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE