UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT SAFFELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00202 JAR |
| | ) | |
| UNKNOWN OFFICER WILSON, | ) | JURY TRIAL DEMANDED |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS WILSON, FRANCIS, AND EATON TO PLAINTIFF'S COMPLAINT

Defendants Mark Wilson, Linda Francis, and Theodore Eaton (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, submit the following Answer to Plaintiff's Complaint:

### I.  The Parties to the Complaint

1.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section I. A. on page 2 of Plaintiff's Complaint and, therefore, Defendants deny the same.

2.  Defendant Wilson admits only that he is a Corrections Officer I at the Eastern Reception & Diagnostic Correctional Center (ERDCC) located at 2727 Highway K, Bonne Terre, MO 63628 as set forth in Section I. B. (Defendant 1) on page 2 of Plaintiff's Complaint; Defendants deny each and every other

allegation set forth on page 2 of Plaintiff's Complaint not otherwise admitted including, but not limited to, the allegations set forth in Section I. B.

3.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section I. B. (Defendant 2) on page 3 of Plaintiff's Complaint and, therefore, Defendants deny the same.

4.  Defendant Linda Francis admits only that she is a Corrections Officer I at the Eastern Reception & Diagnostic Correctional Center (ERDCC) located at 2727 Highway K, Bonne Terre, MO 63628 as set forth in Section I. B. (Defendant 3) on the first typewritten page attached to Plaintiff's Complaint; Defendants deny each and every other allegation set forth on the attached typewritten page of Plaintiff's Complaint not otherwise admitted including, but not limited to, the allegations set forth in Section I. B.

5.  Defendant Thomas Easton admits only that he is a Functional Unit Manager at the Eastern Reception & Diagnostic Correctional Center (ERDCC) located at 2727 Highway K, Bonne Terre, MO 63628 as set forth in Section I. B. (Defendant 4) on the first typewritten page attached to Plaintiff's Complaint; Defendants deny each and every other allegation set forth on the attached typewritten page of Plaintiff's Complaint not otherwise admitted including, but not limited to, the allegations set forth in Section I. B.

6. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section I. B. (Defendant 5) on the first typewritten page attached to Plaintiff's Complaint and, therefore, Defendants deny the same.

7. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section I. B. (Defendant 6) on the first and second typewritten pages of Plaintiff's Complaint and, therefore, Defendants deny the same.

## II.  Statement of Claim

1. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 1 on the second typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

2. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 2 on the second typewritten page attached to Plaintiff's Complaint and, therefore, deny the same including, but not limited to, the allegation that Inmate Derrick Hubbard had a reputation for violently assaulting and attempting to kill his roommates.

3. Defendants Wilson, Francis, and Eaton deny the allegations set forth in Section II paragraph 3 on the second typewritten page attached to Plaintiff's Complaint including, but not limited to, Plaintiff's allegations that the

3

Defendants "deliberately pampered and coddled" Inmate Hubbard by "granting him special dispensations" so that Inmate Hubbard could "assault, abuse, and terrorize" other inmates.

4.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 4 on the second typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

5.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 5 on the second typewritten page attached to Plaintiff's Complaint and, therefore, deny the same including, but not limited to, the allegation that Inmate Hubbard began "abusing and threatening to do great bodily harm" to Plaintiff.

6.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 6 on the second and third typewritten pages attached to Plaintiff's Complaint and, therefore, deny the same.

7.  Defendants deny the allegations set forth in Section II paragraph 7 on the third typewritten page attached to Plaintiff's Complaint including, but not limited to, Plaintiff's allegations that Wilson "turned a blind eye" to Plaintiff's request for protection.

8.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 8 on the third typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

9.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 9 on the third typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

10.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 10 on the third typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

11.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 11 on the third typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

12.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 12 on the third typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

13.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 13 on the fourth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

14.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 14 on the fourth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

15.  Defendants deny the allegations set forth in Section II in the first paragraph numbered 15 on the fourth typewritten page attached to Plaintiff's Complaint including, but not limited to, the allegation that Defendant Wilson "would not intervene or offer any form of protection" to Plaintiff.

16.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II in the second paragraph numbered 15 on the fourth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

17.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 16 on the fourth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

18.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 17 on the fifth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

19.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 18 on the fifth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

20.  Defendants deny the allegations set forth in Section II paragraph 19 on the fifth typewritten page attached to Plaintiff's Complaint including, but not limited to, the allegation that the FUM "turned a blind eye" to a substantial risk of obvious harm and refused to provide Plaintiff with protection.

21.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 20 on the fifth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

22.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 21 on the fifth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

23.  Defendants deny the allegations set forth in Section II paragraph 22 on the fifth typewritten page attached to Plaintiff's Complaint including, but not limited to, the allegations that the Defendant Francis (spelled "Frances" in the Complaint) refused to protect Plaintiff from an obvious and substantial risk of harm.

24.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 23 on the fifth and sixth typewritten pages attached to Plaintiff's Complaint and, therefore, deny the same.

25.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 24 on the sixth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

26.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 25 on the sixth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

27.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 26 on the sixth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

28.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 27 on the sixth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

29.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 28 on the sixth typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

30.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 29 on the sixth and seventh typewritten pages attached to Plaintiff's Complaint and, therefore, deny the same.

31.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 30 on the seventh typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

32.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 31 on the seventh typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

33.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 32 on the seventh typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

34.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 33 on the seventh typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

35.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 34 on the seventh typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

36.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section II paragraph 35 on the seventh typewritten page attached to Plaintiff's Complaint and, therefore, deny the same.

## III.  Injuries

1. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Section III page 4 of Plaintiff's Complaint and, therefore, deny the same including, but not limited to, the allegation that Plaintiff suffered "severe lacerations, contusions, puncture wounds to the

chest, cracked and broken ribs, lacerations to the head, neck, chest, back legs, and arms, severe injuries and damage to the heart, bruising, muscle and tendon injuries, nerve and other forms of neurological injuries."

## IV.  Relief

1.  Section IV on page 5 of Plaintiff's Complaint contains only Plaintiff's prayer for relief and, therefore, no answer is required by Defendants.  To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief he seeks.

## V.  Exhaustion of Administrative Remedies/Administrative Procedures

1.  Defendants are without sufficient knowledge or information to admit or deny the allegations in Section V pages 5 through and including 7 of Plaintiff's Complaint and, therefore, deny the same including, but not limited to, Plaintiff's allegation that he was denied grievance forms.

## VI.  Previous Lawsuits

8.  Defendants are without sufficient knowledge or information to admit or deny the allegations in Section VI pages 8 through and including 10 of Plaintiff's Complaint and, therefore, denies the same including, but not limited to, Plaintiff's allegation that he has not filed previous lawsuits relating to conditions of his confinement.

## JURY DEMAND

Defendants demand a jury trial on all issues triable to a jury.

## ADDITIONAL RESPONSES

Defendants deny all allegations in Plaintiff's Complaint not specifically admitted herein.

Defendants deny that Plaintiff is entitled to any of the relief requested in his Complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

**Second Affirmative Defense:**

Defendants are entitled to qualified immunity for all claims against him as any action taken by Defendants (or that Defendants failed to take) in regard to Plaintiff was done under the reasonable and good faith belief that said action (or inaction) was constitutional and compliant with applicable law.

**Third Affirmative Defense:**

To the extent that Plaintiff seeks to hold Defendants liable for the alleged actions or inactions of others, his claim is premised on the doctrine of *respondeat superior*, which is not a basis for liability under 42 U.S.C. § 1983 and/or state law.

**Fourth Affirmative Defense:**

Defendants state that punitive damages are not available for the actions alleged in the Complaint under federal law, state law, or both.

**Fifth Affirmative Defense:**

Defendants state that the injuries and/or damages suffered by Plaintiff were due to and caused by Plaintiff's own acts and conduct and, accordingly, the principles of comparative fault should be applied.

**Sixth Affirmative Defense:**

Defendants state that Plaintiff's claims are barred because Plaintiff failed to timely and properly exhaust his administrative remedies as to all his claims.

**Ninth Affirmative Defense:**

Defendants incorporate by reference each and every additional affirmative defense that may be uncovered or made know during the investigation and discovery of this case.  Defendant Pacheco specifically reserves the right to amend his Answer to include affirmative defenses at the time they are discovered.

WHEREFORE, having fully answered, Defendants respectfully request that this Court issue an order dismissing with prejudice Plaintiff's Complaint, for their costs and attorneys' fees, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ John W. Taylor*
John W. Taylor, MO36894
Assistant Attorney General
Post Office Box 861
St. Louis, Missouri  63188
Tel:  (314) 340-7861
Fax:  (314) 340-7029
John.Taylor@ago.mo.gov

*Attorney for Defendant Pacheco*


## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2019, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record and, further, that a true and correct copy of the same was placed in the United States mail, first class, postage prepaid, and addressed to:

Herbert A. Saffell, #1280898
Western Reception & Diagnostic Correctional Center
3401 Faraon
St. Joseph, MO 64506


*/s/* John W. Taylor
Assistant Attorney General

14