UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HERBERT A. SAFFELL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:19-CV-00202 JAR |
| UNKNOWN WILSON, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for appointment of counsel filed August 8, 2019. (Doc. No. 18)[1]. Plaintiff asserts that he cannot represent himself in this case because he has no knowledge of the law. A review of the file indicates that Plaintiff first requested appointment of counsel on February 8, 2019. (Doc. No. 2). The Court denied Plaintiff's request without prejudice on May 13, 2019, finding he had demonstrated that he could adequately present his claims to the court and noting that the case is neither factually nor legally complex. (Doc. No. 7). The Court finds nothing in the record to cause it to reconsider its previous order denying Plaintiff's request for appointment of counsel.

Again, there is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the

---

[1] The Court notes Plaintiff has attached his initial disclosures to his request for appointment of counsel. (Doc. Nos. 18-1). Under the Case Management Order, the disclosure deadline was August 16, 2019. (Doc. No. 14).

1

plaintiff has presented nonfrivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. After considering these factors, the Court finds the facts and legal issues involved in this action are not so complicated that the appointment of counsel is warranted at this time. As such, the Court will deny Plaintiff's latest request for appointment of counsel. Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a properly filed motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [18] is **DENIED** without prejudice.

Dated this 5th day of September, 2019.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**